**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MICHAEL DAVID RAMIREZ, <br><br> Defendant - Appellant. | No. 08-10343 <br><br> D.C. No. 1:07-cr-00109-LJO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 3, 2009
San Francisco, California

Before: B. FLETCHER, THOMAS and N.R. SMITH, Circuit Judges.

Defendant Michael Ramirez appeals the district court's denial of his motion for a new trial on the basis of ineffective assistance of counsel. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Because the parties discussed the Appellant's Emergency Motion to Supplement Record on Appeal Due to Newly Produced Evidence at the hearing, we granted the Motion.

This panel reviews *de novo* claims of ineffective assistance of counsel. *United States v. Benlian*, 63 F.3d 824, 826 (9th Cir. 1995). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the test for analyzing ineffective assistance of counsel claims. The panel must determine: "(1) whether the performance of counsel was so deficient that he was not functioning as 'counsel' as guaranteed under the Sixth Amendment; and (2) whether this deficient performance prejudiced the defendant by depriving him of a fair trial." *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 691–92). Under *Strickland*, the panel determines "not what defense counsel *could* have pursued, but rather whether the choices made by defense counsel were *reasonable*." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998) (emphasis added).

1. Ramirez argues that his counsel Chase's performance was deficient in four respects: (1) Chase failed to adequately communicate with Ramirez; (2) Chase failed to adequately conduct pre-trial investigation; (3) Chase failed to prepare the

testimonies of several witnesses; and (4) Chase failed to prepare a cohesive defense.  We disagree.

As to the first argument, the record reflects that the government presented extensive evidence that: (1) Chase communicated the government's plea offers to Ramirez; (2) Chase met with Ramirez on two occasions; and (3) Chase met with Ramirez's family members on numerous other occasions.  Telephone records indicate that Chase also communicated with Ramirez and his family extensively by phone and email.

As to the second argument, Chase hired two computer experts, consulted with Ramirez's brothers Noah and Ricky, pressed Noah to produce work records verifying Noah's alibi, and declined to investigate those leads that had little chance of success.  Chase adequately investigated Ramirez's case.

As to the third argument, Chase admittedly did little to prepare the testimony of Ricky Ramirez.  This, however, was a strategic decision, as Chase wanted to discredit Ricky in order to bolster the defense that Ricky was the guilty party.  As to the testimony of Noah Ramirez, while Chase focused on the wrong date, Noah Ramirez's testimony was not credible or corroborated, despite attempts to obtain corroborating information.

As to the fourth argument, Chase developed a coherent theory that was consistent throughout trial. He emphasized that, although there was child pornography on Ramirez's hard drive, somebody else likely put it there, namely Ricky. There was nothing unreasonable about Chase's defense strategy.

2. Even if Chase's performance was deficient, Ramirez fails to show that it deprived him of a fair trial. There was overwhelming evidence of Ramirez's guilt. First, Ramirez signed a written confession and told officers that he downloaded and viewed child pornography. Second, neither of the defense's expert witnesses could testify with any degree of certainty that the evidence exculpated Ramirez. Third, Ramirez could not prove his alibi at trial and did not put forth any credible evidence that he actually had an alibi in his motion for a new trial or on appeal. In fact, the Employment Development Department produced records that showed Ramirez was not registered as employed and was drawing unemployment benefits during the relevant time periods. Finally, the government produced substantial evidence to show that the child pornography had been viewed on Ramirez's laptop.

**AFFIRMED.**